IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| ANGELA LYNN MIZE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CV-05054-DGK-SSA |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Angela Lynn Mize's application for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of diabetes with neuropathy, plantar fasciitis, morbid obesity, bilateral carpal tunnel syndrome and ulnar issues status post right carpal tunnel release surgery, degenerative disk disease, anxiety, major depressive disorder, personality disorder, and post-traumatic stress disorder ("PTSD"), but she retained the residual functional capacity ("RFC") to perform sedentary, unskilled work with a variety of restrictions, including work as a document preparer, addressing clerk, and ampoule sealer.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff initially filed an application for disability insurance benefits on August 16, 2017, alleging a disability onset date of January 25, 2017. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and on May 14, 2019, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on April 21, 2020, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close."). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ erred at Step Four by failing to support the RFC with substantial evidence and by failing to properly consider her subjective reports of disabling mental impairments.

## I. The ALJ's RFC is supported by substantial evidence.

Plaintiff argues the evidence in the record supports, at most, that she was capable of less than full-time work due to her chronic pain and numbness. Br. at 1, ECF No. 9. She argues the ALJ erred by selectively reading and inaccurately recounting the medical records to support her conclusions. She also contends the ALJ reasons for discounting the opinions of her treating provider, Dr. Paul L. Geiger, D.O. (who the ALJ mistakenly referred to as "Dr. Gerber" in her decision),[2] are unsupported.

Plaintiff has combed the record and the Eighth Circuit caselaw (particularly from the late 1990s and early 2000s) to identify some evidence and law supporting her position. Even so, that does not change the fact that substantial evidence in the record supports the ALJ's RFC and her

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

[2] After reviewing the entire record, the Court finds the mistake is merely a typographical error, and that the ALJ understood the treatment relationship between Plaintiff and Dr. Geiger.

3

finding that Plaintiff's statements that her symptoms were totally disabling was inconsistent with the medical evidence in the record.

The record supports the ALJ's finding that Plaintiff engaged in extensive activities of daily living that were inconsistent with her reports of disabling symptoms. There is evidence in the record that Plaintiff could prepare simple meals, do laundry and cleaning, mow on a riding mower, drive a car, shop for groceries, crochet, sew, and garden. R. at 369-70, 388-89, 548-550, 939. She also helped care for her disabled husband, had no problems providing her own personal care, and at times drove on long trips to see family members. These activities are inconsistent with disabling pain. *See Wright v. Colvin*, 789 F.3d 847, 854 (8th Cir. 2015); *Ponder v. Colvin*, 770 F.3d 1190, 1195-96 (8th Cir. 2014).

Similarly, substantial evidence in the record supports the ALJ's finding that medication and treatment helped relieve Plaintiff's symptoms, at least to a non-disabling level. For example, the ALJ observed Plaintiff had no history of inpatient hospitalization. R. at 336, 919-21. She also cited treatment notes memorializing that Plaintiff reported "she is doing well and pain is under control with current medication," and she was no longer having hypoglycemic episodes with medication. R. at 334, 818, 859-60. The ALJ also cited evidence in the record that treatment with supportive footwear, stretching, and wrist braces worn at night helped with Plaintiff's left foot pain, plantar fasciitis, and carpal tunnel symptoms. R. at 334, 705, 712, 939.

Granted, Plaintiff points to evidence in the record which could support a different decision. Given that the record here is almost 3,000 pages long, this is almost to be expected. *Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017) ("While it is not surprising that, in an administrative record which exceeds 1,500 pages, [the plaintiff] can point to some evidence which detracts from the Commissioner's determination, good reasons and substantial evidence on the record as a whole

4

support the Commissioner's RFC determination and the decision to discount [a treating doctor's] opinion."). But the fact that some evidence supports a different conclusion does not allow a court to reverse the ALJ's decision. *Swing v. Saul*, 931 F.3d 765, 770 (8th Cir. 2019). It is not the Court's role to reweigh the evidence presented to the ALJ, *Hensley v. Colvin*, 829 F.3d 926, 934 (8th Cir. 2016), and the Court declines to do so.

**II.     The ALJ properly considered Plaintiff's reports of disabling mental impairments.**

Related to the above, Plaintiff contends the ALJ erred by failing to properly consider her reports of disabling mental limitations. The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her mental symptoms were not consistent with the medical evidence. R. at 333. Similar to above, Plaintiff argues the ALJ erred by misreading the record, overlooking relevant evidence, and not addressing factors that bolstered Plaintiff's credibility.

These arguments are not persuasive. The ALJ did not err by relying on the opinion of State agency medical consultant psychiatrist R. Chahal, M.D., from a prior administrative proceeding to demonstrate inconsistency with Plaintiff's allegations of disabling mental health symptoms. R. at 339, 833-834. Dr. Chahal opined Plaintiff was able to remember simple and complex instructions, and acknowledged she may have some difficulties with concentration, persistence and pace, but ultimately found Plaintiff was able to maintain concentration, persistence and pace for simple and moderately complex and detailed tasks on a sustained basis. R. at 853. He found Plaintiff may have limitations in serving the public but could handle non-demanding public interaction and interact with peers and supervisors in a brief but appropriate manner and could adapt to routine and basic workplace changes. *Id*. He supported his findings by noting Plaintiff's mental status examinations were less symptomatic than her own subjective reports, and to the fact that she

participated in a "good range" of activities of daily living, including driving, shopping via a computer, going out alone, and managing money. 833-34. These finding are consistent with the evidence in the record, thus the ALJ could rely on it to find inconsistencies in Plaintiff's allegations.

At the same time, the ALJ gave ample reasons for finding opinions from therapist Teddi Mitchell, L.P.C., and from consultative examiner Steven Adams, Psy.D., were unpersuasive; namely, he noted both opinions were inconsistent with various mental status examinations and Plaintiff's wide range of daily activities. R. at 339, 856-57, 919-921. Therefore, the ALJ did not err by finding Dr. Chahal's opinion more persuasive than the other opinions. *See McCoy v. Saul*, No. 4:19-CV-00704-NKL, 2020 WL 3412234, at *9 (W.D. Mo. June 22, 2020) ("The new regulations plainly prioritize consistency and supportability as the 'most important factors' and explicitly state that an ALJ 'will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources.' 20 C.F.R. § 404.1520c(a).").

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  December 9, 2021                     /s/ Greg Kays
                                                              GREG KAYS, JUDGE
                                                              UNITED STATES DISTRICT COURT